Filed 3/27/24  In re Jenevieve D. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re JENEVIEVE D. et al., Persons Coming Under the Juvenile Court Law. | B331452<br><br>(Los Angeles County Super. Ct. No. 23CCJP01695B-C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>JESSE D.,<br><br>　　　Defendant and Appellant. | **ORDER MODIFYING OPINION; NO CHANGE IN APPELLATE JUDGMENT** |

THE COURT:

The opinion filed on March 19, 2024 and not certified for publication is modified as follows:

In the caption page, the case number listed as 22CCJP01695B-C is corrected to 23CCJP01695B-C.

This order does not change the appellate judgment.

SEGAL, Acting P. J.      FEUER, J.      MARTINEZ, J.

Filed 3/19/24  In re Jenevieve D. CA2/7 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re JENEVIEVE D. et al., Persons Coming Under the Juvenile Court Law. | B331452<br><br>(Los Angeles County Super. Ct. No. 22CCJP01695B-C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>JESSE D.,<br><br>        Defendant and Appellant. | |

        APPEAL from orders of the Superior Court of Los Angeles County, Mark A. Davis, Judge.  Dismissed.
        William D. Caldwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and William D. Thetford, Deputy County Counsel, for Plaintiff and Respondent.

_____

## INTRODUCTION

The juvenile court sustained counts in a petition by the Los Angeles County Department of Children and Family Services under Welfare & Institutions Code section 300, subdivision (b)(1), and declared Jenevieve D. and Isaiah D., who were six and five years old at the time, dependent children of the court. The juvenile court found the children's parents, Jesse D. and Cindy N., created a detrimental and dangerous home environment by keeping unsecured, loaded firearms and magazines with ammunition in rooms that were accessible to the children. The court also found Jesse and Cindy had a history of domestic violence in the presence of the children. The court found Jesse's possession of firearms in the home (and his convictions on gun charges) and violent conduct (including coming to the door with a gun when an FBI SWAT team arrived), Cindy's failure to protect the children by allowing Jesse to live in the home, and the couple's history of domestic violence placed the children at risk of serious physical harm. On July 12, 2023 the court removed Jenevieve and Isaiah from Jesse (who by then was incarcerated) and Cindy and ordered the parents to complete various programs and services. Jesse timely appealed; Cindy did not.

Jesse appeals from the juvenile court's disposition order (but not the jurisdiction findings), arguing the juvenile court

erred in removing Jenevieve and Isaiah from Cindy; he does not argue the court erred in removing the children from him. Jesse argues substantial evidence did not support the juvenile court's finding by clear and convincing evidence the children "would be in substantial danger remaining in their mother's care." Jesse points out that Cindy, unlike Jesse, "was not arrested and had no criminal convictions," was complying with the court's order prohibiting having firearms in the family house (at least while Jesse remains incarcerated), and was complying with her case plan.

On January 24, 2024 the juvenile court found that Cindy had made substantial progress toward alleviating or mitigating the causes that required the court to remove Jenevieve and Isaiah and that returning the children to her would not create a substantial risk to their safety, protection, or emotional or physical well-being. The court returned both children to Cindy under the continued jurisdiction of the court.

On February 27, 2024 the Department filed a motion to dismiss Jesse's appeal. The Department argues the appeal is moot because, now that the juvenile court has returned the children to Cindy, this court cannot provide Jesse any effective relief. In opposition to the motion, Jesse argues that, although the juvenile court has returned the children to their mother, the court "did not vacate (or otherwise undo) the dispositional removal order" and that in any future dependency proceedings the Department will have a lower burden of proving risk to the children in Cindy's care because the court previously found the children "were in substantial danger in her care." The Department also filed a motion for judicial notice of three documents: a January 10, 2024 status conference review report

3

prepared by the Department (Exhibit A) and two January 25, 2024 orders by the juvenile court, one for Jenevieve and one for Isaiah (Exhibits B and C).

"A court is tasked with the duty '"to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."' [Citation.] A case becomes moot when events '"render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief."' [Citation.] For relief to be 'effective,' two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks." (*In re D.P.* (2023) 14 Cal.5th 266, 276.)

"'While appellate courts rarely consider postjudgment evidence or evidence developed after the ruling challenged on appeal, such evidence is admissible for the limited purpose of determining whether the subsequent development has rendered an appeal partially or entirely moot.'" (*In re Damian L.* (2023) 90 Cal.App.5th 357, 369.) "''On a case-by[-]case basis, the reviewing court decides whether subsequent events in a dependency case have rendered the appeal moot and whether its decision would affect the outcome of the case in a subsequent proceeding.''" (*In re L.B.* (2023) 98 Cal.App.5th 827, 837.)

Jesse's only argument is that the juvenile court should not have removed Jenevieve and Isaiah from Cindy at disposition. The court, however, has now returned both children to her. The juvenile court has done the very thing Jesse asks us to do; reversing the order removing the children from Cindy will have

4

no "'practical, tangible impact on the parties' conduct or legal status.'" (*In re D.P.*, *supra*, 14 Cal.5th at p. 277.) Therefore, we cannot grant Jesse any effective relief, and the appeal is moot. (See *In re J.P.* (2017) 14 Cal.App.5th 616, 623 [dependency ""'appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief'"']; *In re E.T.* (2013) 217 Cal.App.4th 426, 436 ["An appeal may become moot where subsequent events, including orders by the juvenile court, render it impossible for the reviewing court to grant effective relief."].)

Jesse argues "a subsequent removal order may issue based in part on the challenged dispositional findings and order—with such subsequent order adversely affecting [his] parental rights." But any subsequent petition for removal will be based on the conditions at the time of such a request. (See *In re Anthony T.* (2012) 208 Cal.App.4th 1019, 1034 [juvenile court decides whether to remove a child based on the family's current circumstances]; *In re Levi H.* (2011) 197 Cal.App.4th 1279, 1291 ["'While evidence of past conduct may be probative of current conditions, the question under section 300 is whether circumstances *at the time of the hearing* subject the minor to the defined risk of harm.'"], disapproved on another ground in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010, fn. 7; *In re Isayah C.* (2004) 118 Cal.App.4th 684, 701 [juvenile court decides whether to remove a child based on "the current state of affairs in [the child's] family"].) In addition, even if we reversed the removal order, the court could still consider in future proceedings the historical facts and circumstances, which are largely undisputed, that led to that order. (See *In re N.S.* (2016) 245 Cal.App.4th 53, 63 [facts that supported the original exercise

of dependency jurisdiction and removal of a child from her parents "would almost certainly be available in any future dependency proceedings"]; see also *In re Madison S.* (2017) 15 Cal.App.5th 308, 330 [parent's challenge to jurisdiction finding was nonjusticiable because the "allegation would almost certainly be available in any future dependency or family court proceeding, regardless of any determination on our part as to whether it formed an independent basis for juvenile court jurisdiction"]; *In re J.C.* (2014) 233 Cal.App.4th 1, 4 ["[e]ven if the current jurisdictional finding were erased, father is still left with an established history with [the child protective agency] based on incidents involving previous children from his relationship with mother"].) And, of course, Jesse could argue in future removal or other proceedings that the juvenile court, in returning Jenevieve and Isaiah to Cindy, found that returning the children to their mother did not create a substantial risk to their safety, protection, or emotional or physical well-being.

It is true, as Jesse suggests in passing, a reviewing court has "inherent discretion" to reach the merits of a moot appeal. (*In re D.P., supra*, 14 Cal.5th at p. 282.) Jesse, however, does not submit any argument why we should exercise our discretion to hear his moot appeal, other than to say "the appeal should be decided on its merits to prevent insulating erroneous challenged findings from review." As discussed, however, the issue is not whether we should liberate findings from insulation, but whether we can provide any effective relief. And here we cannot.

Moreover, a reviewing court generally may exercise discretion to hear a moot appeal only where the case presents an issue of broad public interest that is likely to recur, where there may be a recurring controversy between the parties, or where a

6

material question remains for the court's determination.  (*In re D.P.*, *supra*, 14 Cal.5th at p. 282.)  There is none of that here; Jesse does not even suggest there is.  Nor do any of the factors the Supreme Court identified for considering whether to hear a moot appeal apply.[1]

The Department's request for judicial notice is granted as to Exhibits B and C, and denied as to Exhibit A.  The Department's motion to dismiss the appeal is granted, and the appeal is dismissed as moot.  (See *In re N.S.*, *supra*, 245 Cal.App.4th at pp. 58-59 ["An appellate court will dismiss an appeal when an event occurs that renders it impossible for the court to grant effective relief."].)

SEGAL, Acting P. J.

We concur:

FEUER, J.                              MARTINEZ, J.

---

[1]     Courts may consider whether a challenged jurisdiction finding could impact current or future dependency proceedings, for example by influencing a child protective agency's decision to file a new dependency petition or a juvenile court's determination about whether to order further reunification services; the nature of the allegations against the parent:  "The more egregious the findings against the parent, the greater the parent's interest in challenging such findings"; or whether "[p]rinciples of fairness" favor discretionary review of cases rendered moot "by the prompt compliance or otherwise laudable behavior of the parent challenging the jurisdictional finding on appeal."  (*In re D.P.*, *supra*, 14 Cal.5th at pp. 285-286.)